IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

CHARLES ISAAC                                                                    PLAINTIFF
WILSON, JR.

v.                                    Case No. 2:14-CV-02104

STATE OF ARKANSAS                                                          DEFENDANT

**OPINION AND ORDER**

This is a civil rights action filed by the Plaintiff pursuant to 42 U.S.C. § 1983. Plaintiff proceeds *pro se* and *in forma pauperis.*

Pursuant to 28 U.S.C. § 1915(e)(2), the Court has the obligation to screen any complaint in which an individual has sought leave to proceed IFP. 28 U.S.C. § 1915(e)(2). On review, the Court is to dismiss the complaint, or any portion of the complaint, that is frivolous, malicious, or fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

**I.      BACKGROUND**

Plaintiff is currently incarcerated in the Arkansas Department of Correction ("ADC") East Arkansas Regional Unit. Plaintiff filed his Complaint on April 24, 2014, (Doc. 1), and his Amended Complaint on March 25, 2015. (Doc. 8). He alleges the loss of personal property, including a car, after an arrest in April 2009 for delivery of a controlled substance in Sebastian County. (Doc. 8, pp. 1-3). Plaintiff further alleges the property was alternatively seized as a conveyance used in the commission of a burglary. (Doc. 8, pp. 5). He alleges that the controlled substance charge was dismissed in September 2010, but in the interim his car and property were given to someone else. (Doc. 8, p. 8).

Plaintiff proceeds against the State of Arkansas and unknown agents in their official and personal capacities. (Doc. 1, p. 2). Plaintiff seeks damages in recompense for the loss of property. (Doc. 8, pp. 11-21).

## II. ANALYSIS

The State of Arkansas is not subject to suit. States and state agencies are not "persons" subject to suit under § 1983. *Howlett v. Rose,* 496 U.S. 356 (1990)*; Will v. Mich. Dept. of State Police*, 491 U.S. 58 (1989); *McLean v. Gordon*, 548 F.3d 613, 618 (8th Cir. 2008). "This bar exists whether the relief sought is legal or equitable." *Williams v. Missouri,* 973 F.2d 599, 599 -600 (8th Cir. 1992) (citing *Papasan v. Allain,* 478 U.S. 265, 276 (1986)). "Congress did not abrogate constitutional sovereign immunity when enacting the law that was to become section 1983." *Burk v. Beene*, 948 F.2d 489, 493 (8th Cir. 1991) (citing *Quern v. Jordan,* 440 U.S. 332, 342 (1979)).

To the extent Plaintiff's reference to "unknown agents" of the State of Arkansas could be interpreted to be against unnamed state employees in their personal capacity, Plaintiff's claim is time-barred. The statute of limitations for § 1983 claims is the state statute of limitations for personal injury actions. *Morton v. City of Little Rock*, 934 F. 2d 180, 183 (1991) (citing *Wilson v. Garcia*, 471 U.S. 261 (1985). In Arkansas, this period is three years. *Id.* (referencing Ark. Code Ann. § 16-56-105). Any possible equitable tolling is also controlled by state law, unless that law is inconsistent with the policies behind § 1983. *Board of Regents of University of State of N.Y. v. Tomanio*, 446 U.S. 478 (1980); *Hughes v. Sheriff of Fall River County Jail*, 814 F.2d 532 (8th Cir. 1987). The accrual date of a § 1983 cause of action is controlled by federal law. *Wallace v. Kato*, 549 U.S. 384 (2007). Accrual generally occurs when the Plaintiff has "a complete and

present cause of action." *Id.* at 388. This happens when "the Plaintiff can file suit and obtain relief." *Id.*

In this case, Plaintiff states he was arrested in April 2009 for a controlled substance charge, but that charge was dismissed on September 28, 2010. Plaintiff's accrual date is therefore September 28, 2010. The statute of limitations for this claim ran as of September 28, 2013, and the Court finds no basis to equitably toll the statute of limitations in this case. Plaintiff did not file his first complaint in this case until April 2014. Therefore, to the extent Plaintiff asserts any § 1983 claim against any unnamed state employee individually, such claim is subject to dismissal as time-barred.

For these reasons, IT IS ORDERED that Plaintiff's claims are DISMISSED WITH PREJUDICE.

Judgment will be entered accordingly.

IT IS SO ORDERED this 21st day of April, 2016.

/s/ P. K. Holmes, III
P. K. HOLMES, III
CHIEF U.S. DISTRICT JUDGE